UNITED STATES of America, Plaintiff,

v.

Ibrahim Abdulahai MAIMAJE,
Defendant.

Cr. No. 3–93–53(1).

United States District Court,
D. Minnesota,
Third Division.

July 16, 1996.

Ibrahim Abdulahai Maimaje, pro se.

Elizabeth L. De la Vega, U.S. Atty. Office, Minneapolis, MN, for U.S.

## ORDER

MAGNUSON, Chief Judge.

This matter is before the Court upon Ibrahim Abdulahai Maimaje's Motion for Immediate Deportation. The Government need not respond and the Court denies the motion.

Mr. Maimaje is a Nigerian male who pleaded guilty in August 1993 to conspiracy to import heroin into the United States from Vienna, Austria. In March 1994 this Court, after departing downward in the Guideline calculations due to substantial assistance provided by Maimaje, sentenced Maimaje to 54 months of imprisonment and supervised release for five years. Maimaje is currently incarcerated pursuant to that sentence, but seeks deportation to avoid serving the remainder of his sentence.

Until recently, aliens sentenced to imprisonment were subject to deportation only after release from confinement under the Immigration and Nationality Act. 8 U.S.C. § 1252(h) (amended 1996). But this year Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996, which,

among other things, amended section 1252(h). Pub.L. No. 104–132, 110 Stat. 1214 (codified in various titles and sections of U.S.C.). As amended, the Immigration and Nationality Act now permits the Government to deport incarcerated aliens before the termination of their confinement. 8 U.S.C. § 1252(h)(2).

Maimaje includes with his motion an affidavit purporting to waive his right to a deportation hearing and acknowledging the risk of reincarceration upon unauthorized return to the United States. On this, Maimaje moves the Court to order his immediate deportation.

Even as amended, however, section 1252 by its terms does not affect all alien federal prisoners and does not bestow a *right* to deportation. Particularly, the amendment permits deportation of only nonviolent offenders whose deportation is "appropriate" and "in the best interest of the United States." 8 U.S.C. § 1252(h)(2)(A). Furthermore, the statute authorizes *the Government* to determine the nature of the offense and the appropriateness of deportation. *See* 8 U.S.C. § 1252(h)(2) ("The Attorney General *is authorized to* deport an alien . . . prior to the completion of a sentence of imprisonment . . . *if* the *Attorney General determines* that (i) the alien is confined pursuant to . . . conviction for a nonviolent offense . . . and (ii) such deportation . . . is appropriate and in the best interest of the United States.") (emphasis added).

But the greatest impediment to Maimaje's motion lies in his choice of forum: federal court instead of administrative agency. Congress has itself enacted a complex statutory scheme to effect naturalization and deportation, and the Immigration and Naturalization Service exists as an administrative agency to enforce the laws of immigration through a substantial regulatory procedure. Thus, these laws and regulations place the initial consideration of deportation in the executive branch, not in the judiciary. While federal courts may review this administrative action or inaction, the federal court is not the first stopping ground for an alien seeking to impede deportation. *See* 8 U.S.C. § 1105a(a) (establishing deportation procedures as the sole basis for judicial review of deportation

orders). By analogy, the federal court also is not the initial forum for an alien—even an alien incarcerated because of judicial determination—who seeks an order of deportation. That Mr. Maimaje waives his right to a deportation hearing does not lift this Court's jurisdictional bar.

In short, Mr. Maimaje must avail himself of the administrative remedies established by Congress before seeking a determination in federal court. Even the newly amended statute upon which Maimaje rests his motion strongly supports this view, authorizing the Attorney General to deport an incarcerated alien *"in accordance with applicable procedures under"* the statutory deportation scheme. 8 U.S.C. § 1252(h)(2) (emphasis added). *Cf.* 8 U.S.C. § 1105a(c) ("An order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him . . . .").

Accordingly, **IT IS HEREBY ORDERED** THAT Ibrahim Abdulahai Maimaje's Motion for Immediate Deportation is DENIED.