512

UNITED STATES of America,
Plaintiff–Respondent,

v.

Jean Baptiste VANCOL,
Defendant–Movant.

Crim. Action No. 88–7 MMS.

United States District Court,
D. Delaware.

Aug. 22, 1996.

Richard G. Andrews, Assistant United States Attorney, Department of Justice, Wilmington, DE, for plaintiff-respondent.

Jean Baptiste Vancol, defendant-movant pro se.

### OPINION

MURRAY M. SCHWARTZ, Senior District Judge.

### I. Introduction and Factual Background

Before the Court is a motion by Jean Baptiste Vancol ("Vancol") for immediate deportation brought pursuant to Immigration and Naturalization Service ("I.N.S.") § 242(h), as amended on April 24, 1996 in 8 U.S.C. § 1252(h)(2)(A). On April 18, 1988, Vancol was tried by a jury in the District of Delaware and was found guilty on all counts of a five count indictment, charging him with various controlled substance offenses. Vancol was convicted for distribution of more than five grams of crack cocaine on February 1, 1988; distribution of more than five grams of crack cocaine on February 2, 1988; conspiracy to distribute cocaine base; using the telephone to facilitate distribution of cocaine base; and resisting arrest. Vancol was sentenced to 188 months imprisonment, and his projected release date is March 20, 2001. Vancol was ordered to be deported to Haiti upon his release from prison.

Vancol has brought this motion for immediate deportation pursuant to I.N.S. § 242(h), as amended in 8 U.S.C. § 1252(h)(2)(A). The government opposes Vancol's motion on the ground that the statute authorizes only the Attorney General, not the Court, to make the determination whether immediate deportation should be ordered. For the following reasons, Vancol's motion will be denied.

### II. Analysis

On April 24, 1996, President Clinton signed the Anti–Terrorism and Effective Death Penalty Act of 1996. Among other things, this act amended I.N.S. § 242(h) in 8 U.S.C. § 1252(h). Section 1252(h) provides:

(h)(1) Except as provided in paragraph (2), an alien sentenced to imprisonment may not be deported until such imprisonment has been terminated by release of the alien from confinement. Parole, supervised release, probation, or possibility of rearrest or further confinement in respect of the same offense shall not be a ground for deferral of deportation.

(h)(2) The Attorney General is authorized to deport an alien in accordance with applicable procedures under this Act prior to the completion of a sentence of imprisonment—

(A) in the case of an alien in the custody of the Attorney General, if the Attorney

General determines that (i) the alien is confined pursuant to a final conviction for a nonviolent offense (other than alien smuggling), and (ii) such deportation is appropriate and in the best interests of the United States.

*Id.*

As the text of the provision provides, deportation of an alien criminal defendant generally is not ordered until such time as that defendant is released from imprisonment. However, the statute allows the Attorney General to order deportation prior to release if the alien defendant was convicted of a nonviolent crime other than alien smuggling, and the Attorney General determines that immediate deportation is appropriate and in the best interests of the United States. The government opposes Vancol's motion on the ground that the statute's plain language authorizes only the Attorney General, *in her sole discretion,* to make the determination whether immediate deportation should be ordered. The Court agrees.

There is nothing in the text of the statute that empowers the district court to order immediate deportation. On the contrary, the statute expressly states that the "Attorney General is authorized to deport an alien" if the defendant was convicted for a nonviolent crime other than alien smuggling, and if the Attorney General determines that immediate deportation is appropriate and in the best interest of the United States. *See United States v. Rivera,* 1996 WL 325735 (S.D.N.Y. June 12, 1996) ("[T]his section empowers only the Attorney General of the United States—at the Attorney General's discretion—to deport an alien currently serving a term of imprisonment for a nonviolent offense.").

This Court's research indicates that all courts which have considered the amendment's effect on a defendant's ability to be immediately deported have concluded that the decision lays exclusively in the hands of the Attorney General, and these courts have uniformly denied the motions. *See id.; see also United States v. Carrasco,* 1996 WL 426765 (N.D.Ill. July 26, 1996); *United States v. Castaneda,* 1996 WL 411279 (N.D.Ill. July 19, 1996); *United States v.*

*Valencia,* 1996 WL 406841 (D.Ore. July 18, 1996); *United States v. Maimaje,* 930 F.Supp. 1331 (D.Minn.1996); *United States v. De Lo Santo,* 1996 WL 337225 (E.D.La. June 18, 1996); *United States v. Zavala,* 1996 WL 432329 (N.D.Cal. July 23, 1996).

### III. Conclusion

The amended statute vests with the Attorney General the sole and exclusive discretion to order immediate deportation. Accordingly, Vancol's motion will be denied.